NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LINDA GREEN, et al., *Plaintiffs/Appellants*,

*v.*

CARA JEAN WOOLERY, *Defendant/Appellee*.

No. 1 CA-CV 19-0735
FILED 1-28-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-096693
The Honorable Janice K. Crawford, Judge

**REVERSED AND REMANDED**

COUNSEL

Udall Shumway PLC, Mesa
By Bradley D. Gardner, David R. Schwartz
*Counsel for Plaintiffs/Appellants*

MacQueen & Gottlieb PLC, Phoenix
By Patrick R. MacQueen, Brandon P. Bodea, Patrick T. Nackley
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**S W A N N**, Chief Judge:

¶1   Linda Green and Larry Kammerzell ("Buyers") asserted various contract and tort claims against Cara Jean Woolery ("Seller") based on her failure to disclose plumbing defects before selling them her house. The superior court granted Seller summary judgment on all claims, concluding that Buyers had provided insufficient evidence to show that Seller knew the nature of the underlying defects.

¶2   We hold that the superior court applied an incorrect legal standard. Buyers did not have to provide evidence that Seller knew the technical details of the plumbing failure; they only had to provide evidence from which a reasonable juror could conclude that Seller knew of a plumbing problem—and Buyers met that burden. We therefore reverse and remand.

### FACTS AND PROCEDURAL HISTORY

¶3   Seller sold her two-bathroom Phoenix house to Buyers in September 2017. Seller disclosed in connection with the sale that she was not "aware of any past or present plumbing problems," and by way of explanation stated that a "new clean-out line [was] installed in 2012." She disclosed nothing further concerning plumbing. She warranted in the purchase contract that she had "disclosed to Buyer[s] . . . all material latent defects and any information concerning the Premises known to Seller, excluding opinions of value, which materially and adversely affect the consideration to be paid by Buyer[s]."

¶4   Soon after the close of escrow, Buyers became aware of a problem with one of the toilets in the house. They engaged a plumbing contractor, who discovered that severe deterioration in the relevant bathroom's sewage and drain lines was causing sewage and water to discharge into the ground beneath the foundation.

¶5   Buyers paid to repair the defective pipes, and then brought an action against Seller. Buyers' complaint alleged six counts: (1) breach of

contract, (2) breach of the covenant of good faith and fair dealing, (3) negligent misrepresentation, (4) negligence per se, (5) consumer fraud, and (6) fraud.

**¶6** Seller moved for summary judgment, arguing that Buyers had failed to produce sufficient evidence to show that Seller knew of the plumbing defects and, additionally, that the economic loss rule barred Buyers' negligent misrepresentation, negligence per se, and fraud claims. Buyers argued in response that the economic loss rule did not apply. They also pointed to multiple items of evidence (disputed in relevant parts by Seller) as directly or inferentially establishing Seller's knowledge.

**¶7** First, Buyers provided the declaration of an expert who opined that the pipes had deteriorated over the course of years and that the deterioration would have caused "very noticeable" sewage odors inside the house for, assuming reasonable occupant use, a "very long time." The expert further opined that he would not expect most buyers or home inspectors to discover the deterioration, which would not be visible to anyone who did not either unearth the pipes or insert a camera inside of them, and that the odors could have come and gone depending on use and could have been covered up with scented products.

**¶8** Second, Buyers provided the declaration of Seller's former housekeeper, who had regularly cleaned the house throughout the year before the sale. The housekeeper stated that signs in the relevant bathroom had indicated "not to flush the toilet or use the sink" and that Seller had told her that the bathroom could be used but the housekeeper "had to be careful what [she] flushed down it." The housekeeper further stated that she observed air freshener packets and candles throughout the house on multiple occasions, and that after Buyers repaired the plumbing the property smelled better.

**¶9** Third, Buyers provided a declaration in which one of them stated that Seller had candles going when he inspected the house and that he later discovered air freshener packets in the bathroom cabinets as well as discolored grout around the toilet. Finally, Buyers provided excerpts from Seller's deposition. Seller first testified that though she had on multiple occasions experienced problems with the toilet and companion shower backing up, the problems ceased after the disclosed clean-out was installed in 2012. She then testified, however, that she was "sure [she] had something going on in the bathroom" thereafter that had prompted her to contact her home warranty company, though she could not remember "what it would have been."

¶10        At oral argument, the superior court suggested that Buyers had to prove that Seller knew—specifically—that defects in the buried pipes were the cause of the malodors and her efforts to restrict use of the bathroom:

> THE COURT:  . . . [Y]our expert is saying you're not going to know this unless you've dug up the pipes or you have a camera.  But you're—you're telling me that there can be a reasonable inference that a homeowner who has a toilet that is not flushing properly knew there was something wrong with the sewer line?
>
> [BUYERS' COUNSEL]:  That's right.
>
> THE COURT:  That's a big leap to me. . . .
>
> . . . .
>
> THE COURT:   It's like you've got some evidence that contradicts your own position. . . .
>
> . . . .
>
> THE COURT:  . . .  What my concerns are is you're telling me that because the toilet didn't flush right, because when the toilet was flushed, there was a horrendous smell, because it clogged before, she should have known that.  But then your very evidence says the only way you're going to know this is if you dig it up or you have a scope.  And so we—we know that most ordinary people aren't going to know that. . . .
>
> . . . .
>
> THE COURT:  [And h]ow is it that a homeowner is going to know more than the plumbers because the plumbers did not know what it was right away.  They did not go out, flush a toilet, see it rise, go we have—we have a defective line.

¶11        The court granted summary judgment for Seller on the ground that Buyers "failed to come forward with any admissible evidence by which a reasonable fact finder could find that [Seller] knew of, or even should have known of, corrosion in the sewer line that allowed leakage of sewage and sewer gas under the residence."  Buyers appeal.

## DISCUSSION

**¶12**       We review the grant of summary judgment de novo. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  Summary judgment should be granted "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. ("Rule") 56(a).  Summary judgment is appropriate "if the facts produced in support of the claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).  The evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Andrews*, 205 Ariz. at 240, ¶ 12.

**¶13**       Buyers presented ample admissible evidence that Seller was aware of but did not disclose a "past or present plumbing problem" that constituted "information concerning the Premises known to Seller . . . which materially and adversely affect[ed] the consideration . . . paid by Buyer[s]."  Most notably, they presented evidence that the pipes' defects would have caused longstanding, very noticeable sewage odors inside the house and that Seller, knowing the bathroom had a history of problems, had taken action to restrict its use.  We reject the superior court's conclusion that Buyers had to prove more specialized knowledge regarding the defects' nature.  A seller cannot disclaim knowledge of an obvious plumbing problem based on her failure to obtain a professional diagnosis. *Cf. Maycock v. Asilomar Dev., Inc.*, 207 Ariz. 495, 499, ¶¶ 20–22 (App. 2004) (holding that whether original homeowner's observations of transient unevenness in the floors constituted discovery of soil-compaction defect was a question for the finder of fact).  We conclude the superior court erred by granting summary judgment to Seller on the grounds of a failure of proof.[1]

## CONCLUSION

**¶14**       We reverse the grant of summary judgment, and we remand for further proceedings.  Subject to Buyers' compliance with ARCAP 21, we grant Buyers' request for attorney's fees and costs on appeal in view of the purchase contract's provision that "[t]he prevailing party in any dispute or

---

[1]       Because the superior court did not address Seller's alternate argument that the economic loss rule entitled her to summary judgment on the negligent misrepresentation, negligence per se, and fraud claims, we decline to address that argument for the first time on appeal.

claim between Buyer[s] and Seller arising out of or relating to this Contract shall be awarded their reasonable attorney fees and costs."



AMY M. WOOD • Clerk of the Court
FILED:    AA